Gibson, J.,
dissenting. The defendant was indicted for killing Benjamin Kaufman (1) in attempting to perpetrate a robbery and (2) with deliberate and premeditated malice. After hearing evidence as to the degree of the crime, following receipt of a plea of guilty to the indictment, a three-judge court found defendant guilty on both counts and recommended mercy on the second count. Hence, he was sentenced to life imprisonment on the second count and to be executed on the first count.
Regardless of liberality, which exists by virtue of Section 2941.04, Revised Code, as to the joinder of different offenses or statements of the same offense in an indictment, where, as here, the defendant is charged with killing a human being with deliberate and premeditated malice and also with killing the same human being in attempting to perpetrate robbery, in my opinion, he can be convicted of first degree murder only once. Any other result makes the law look foolish. True, Section 2901.01, Revised Code, specifies more than one way in which the crime of murder in the first degree may be committed, but if only one homicide occurs there is only one offense. Even the majority recognize this when it is said that “where two valid sentences have been imposed for a single murder. ” It is totally unrealistic to say that under Section 2901.01, which prohibits the intentional killing of another, this defendant killed Benjamin Kaufman twice.
The incongruity of convicting a defendant twice for murder in the first degree would be readily apparent if the defendant first had been charged, tried and convicted of intentionally killing another with deliberate and premeditated malice and thereafter an attempt had been made to charge, try and convict him for killing the same person, in attempting to perpetrate *399 robbery, or vice versa. Obviously, in such a situation, to permit the second trial would clearly violate the constitutional protection afforded by both state and federal Constitutions against being placed in double jeopardy for the same offense. If the Constitution makes a conviction of the first charged offense a bar to a conviction of the later charged offense, the constitutional guaranty should apply equally as well where the accused is tried on the two counts at the same time.
How was it possible for the trial court to recommend mercy under the charge that the defendant killed Kaufman with deliberate and premeditated malice but no mercy for the same homicide under the charge that he killed Kaufman, while attempting to perpetrate a robbery? The only conceivable area of difference in the circumstances encompassed by the two counts for the single homicide is that of the defendant’s intention.
It seems to me that under Section 2901.01, Revised Code, as at common law, the enormity of the specific intent to kill evidenced by premeditation and deliberation is far greater than the intent derived from the fact that the actor was engaged in a specified felony at the time of the killing. To recommend mercy where there must have been a finding of deliberate and premeditated intention to kill and yet no mercy where the guilty intent derived from the attempt to perpetrate robbery is substituted for deliberate and premeditated malice, in my opinion, is possible solely because of a failure to recognize that only one felonious homicide was committed.
The defendant cannot possibly serve a life sentence concurrently with execution for a single felonious homicide, labeled murder in the first degree. Since the trial court, after hearing, found circumstances surrounding the homicide causing it to recommend mercy for the offense of intentionally killing Kaufman with deliberate and premeditated malice, it reasonably must be deemed to have recommended mercy for murder in the first degree, regardless of the elements found.
To assume that the life sentence is “mere surplusage” may appear to ease the resolution of a difficult problem but it places a low value on human life as well as logic. There is no reason to assume that the trial court intended to impose the more serious penalty. A more humane and rational approach *400 to the problem of sorting two inconsistent sentences for the single felonious homicide would be to assume that the trial court knowing the circumstances surrounding the homicide and having recommended mercy on the charge of deliberate and premeditated murder has recommended mercy in this case of murder in the first degree. Accordingly, in my opinion, this court should affirm the judgment that this defendant be sentenced to life imprisonment for murder in the first degree.
Taft, C. J., concurs in the foregoing dissenting opinion.